FILED

MAY 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL F. MARQUES, | No. 11-16789 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00222-ECR-RAM |
| v. | |
| N.D.O.C.; et al,, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Nevada state prisoner Manuel F. Marques appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials

confiscated and lost his personal property.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Marques' claims that prison officials violated his constitutional rights when they took and lost his property because Marques had an adequate post-deprivation remedy under Nevada law.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also* Nev. Rev. Stat. §§ 41.031, 41.0322.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Marques' remaining contentions are unpersuasive.

**AFFIRMED.**